•The opinion of the Court, was delivered by
Dayton, J.
This an action of assumpsit brought to recover the amount due on a legacy, left under the will of John Schenck, deceased, and the facts are agreed upon by the parties (see state of the case.)
By this state of the case, the Court is relieved from the necessity of considering whether under the directions of the will, the legacy in question, would or would not carry interest *375 from the death of the testator. The only question submitted, is whether interest shall be calculated from and after the 22d. of August 1824, being one year from the testator’s death, or from and after the 25th of May 1831, being the time when the second account of the executors was settled in the Orphans’ Court, and the net proceeds of the sale of the real estate ascertained.
The general rule is, that legacies become due, one year from and after the death of the testator, unless otherwise ordered in the will. And inasmuch as interest is allowed by law only by reason of the supposed delay in liquidating the principal, it follows, that legacies carry interest after one year from the death unless otherwise specially ordered. But this rule has application only where no specific directions are given in the will. In this case the leading object of the testator, evidently, was to make some provision for the support of his son Abraham, ¡dunsid he return. And that provision, was the annual interest to accrue on this legacy, which he directed his executors to pay over in whole or in part as might be proper and reasonable for his assistance and support. And as if to give additional clearness to his intent, he adds this clause. “ My intention being that he (Abraham) shall have the benefit thereof towards his comfortable maintenance and support.” And the testator further directs; that the interest continue to be thus applied by his executors during his (Abraham’s) natural life; and after his-decease, the balance of interest, if any remain unexpended for his support as aforesaid, together with the principal sum, be equally divided between and paid to his children. Connect these clauses with the additional fact that he directs that the interest of Abraham in the legacy in question, shall not be liable for his debts or engagements nor be called out of the hands of his executors, by any proceedings against him, to satisfy his creditors, and no doubt can remain as to the intent of the testator. The construction contended for by the defendant (which might and would have deprived his son Abraham had he lived, of all benefit from this legacy for seven or eight years) would do violence to that plain and clear intent.
But it is said that it is the children of Abraham who make this claim; and the case therefore, is a case of grand-children, in whose favor, the rule that interest be allowed after one year *376 from the death, though the legacy be not due, does not apply. Neither would the rule apply if it were Abraham himself who was making the claim. It does not apply to adults — 2 Rop. on L. 199, 201; 1 Swanst. 553. Nor would it apply if he were an infant making the claim; because, it is a technical rule having no application, where specific directions are given in the will.
The construction contended for by the defendants, is a harsh one, (the estate being ample,) and is not required by the language of the will. The testator says. “Out of the net proceeds of my real aud personal estate I give” &e. the legacy in question; and in a subsequent part of the will, authorized his executors or the survivor, as soon as convenient after his decease to make sale of his real estate. Such general terms as, “ out of the net proceeds” or words equivalent thereto, are .of common occurrence in last wills, and without other matter to give them point and construction, can be regarded as little else than a kind of formula, to which no distinct effect or operation should be given. Where a testator, for instance, orders his debts and funeral expenses to be first paid, and then distributes the balance, or net proceeds of his estate in.legacies, it has never been held that such words imply that the legacies do not become due until all the debts be paid; and yet it is not possible to ascertain what will be the balance, or net proceeds, until that is done. Such a construction moreover, would lead to endless difficulties. Each case would be left to depend upon its own facts; and the time at which the net proceeds come to hand, and the question whether the executor had used due diligence in the making of sales, and payment of debts, would be of constant occurrence. The authorities cited by the defendant’s counsel, do not sustain the construction for which he contends, but the contrary. It is true that in the case of Gibson v. Bott, 7 Ves. 89, the Chancellor says, “ When a testator gives interest of a fund that is to be created by a sale as soon, as conveniently can be, he means only the interest from the time the property can be conveniently sold.” But this remark must be applied to the question then under consideration. The testator in that case had given the residue of his estate to his executors upon trust that they should as soon as convenient after his decease, sell and dispose thereof, and *377 invest the proceeds at interest and pay the clear yearly interest to his two daughters. The question was whether under the will they were entitled to an allowance from the death or from the time of the sale which was within the year after the death: And the allowance was from the time of the sale. That the Chancellor did not intend to apply the observation to a case like the present, is evident from another part of his opinion, in which he says. “ If it (a leasehold estate) is to be converted with all convenient speed, these words never require it to be sold the very next day. Where those words oeour as to legacies, interest is never given until the end of the year. The Court is obliged to take a general rule; as it is impossible to make the enquiry in every particular case. Suppose the testator directed his executors to convert the property with all convenient speed, to pay certain legacies — the legatees could make no complaint until the end of the year.”
This is the language of Lord Eldon in the case cited; and so far from favoring a construction which would extend the time from which the legacy in this case is to draw interest, to an indifferent period dependent upon the sale and conversion of the real estate, would rather justify us in allowing interest after one year from the death.
Rut we are bound to allow interest in this case after a year, by analogy. We are seeking after the intent of the testator where he has given a legacy from the net proceeds of his real and personal estate, and directed the former to be sold as soon as convenient after his decease: And the question is, whether
we are not to suppose that the testator must have intended one year as a convenient time. Where nothing is said as to the time of payment, the law implies that the testator intended first to allow the executor a convenient time to sell and settle the estate, and then makes the legacy become due: And it considers one year from the death, a convenient lime. In the present case, this is not left to implication, but the testator has said expressly that his executors shall sell as soon as convenient; and we are not to suppose that he intended by these words when expressly used, any thing different from what we would have supposed him to intend by the same words, when used by implication of law.
The legatees are clearly entitled to the principal of the legacy, *378 together with interest thereon, after one year from the testator’s death.
Hornblower, C. J. and Ford, J. and White, J. concurred.